UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALAN R. RUSSELL,<br>*Plaintiff*,<br><br>v.<br><br>ANGEL QUIROS, *et al.*,<br>*Defendants*. | No. 3:22-cv-674 (VAB) |

**INITIAL REVIEW ORDER**

Alan R. Russell ("Mr. Russell"), has filed a Complaint *pro se* under 42 U.S.C. § 1983 against Commissioner Quiros, Warden Thibeault, and Dr. Clements (collectively, "Defendants"). Compl., ECF No. 1 (May 18, 2022) ("Compl."). When Mr. Russell filed his Complaint, he was serving a two-year prison sentence in the custody of the Connecticut Department of Correction ("DOC") at the Willard-Cybulski Correctional Institution ("Willard-Cybulski").

The Complaint asserts that the Defendants violated Mr. Russell's Eighth Amendment rights by failing to provide medical treatment.

Because Mr. Russell concedes that he did not exhaust his administrative remedies before bringing this federal action, the claims asserted against Commissioner Quiros, Warden Thibeault, and Dr. Clements in this Complaint are **DISMISSED** without prejudice.

If Mr. Russell believes that additional facts can be alleged that will overcome any of the deficiencies identified in this ruling, then he may file a proposed Amended Complaint by **February 24, 2023**. Failure to file a proposed Amended Complaint by that deadline will result in this case's dismissal with prejudice.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[1]

On September 27, 2021, Mr. Russell was sentenced to serve a two-year prison term for multiple traffic-related criminal convictions. Compl. at 2, ¶ 9. A month after he began serving his prison sentence at Willard-Cybulski, Mr. Russell contracted Covid-19. *Id.* at 3, ¶ 12. Although his initial Covid symptoms were mild, Mr. Russell's infection resulted in chronic and severe inflammation of his vocal cord. *Id.*, ¶¶ 13-14.[2]

Mr. Russell was seen by a specialist who recommended that he should return for voice therapy "[w]hen feasible." *Id.* at 3, 13, ¶ 17. However, the Defendants did not provide Mr. Russell with such therapy in DOC custody or grant him a medical furlough permitting him to obtain such therapy in a non-custodial environment. *Id.* at 3, ¶¶ 18, 21. As a result, Mr. Russell claims to have suffered pain, discomfort, and a "loss of voice function in its entirety[.]" *Id.* at 4, ¶ 23.

In the Complaint, Mr. Russell does not claim that he has ever filed an administrative grievance pertaining to the lack of health services provided by the Defendants. Rather, in a section of the complaint titled "Exhaustion of Administrative Remedies" he asserts:

> The Plaintiff's imminent health threat caused by residual COVID-19, the heightened risk that he will never be able to use his voice to speak ever again, and the risk that he may contract the COVID-19 infection again has rendered the DOC's administrative process inadequate to the task of handling Plaintiff's urgent complaint regarding his health.

*Id.* at 2, ¶ 8.

---

[1] On initial review, the Court considers the facts alleged in the Complaint to be true, and may refer to the exhibits attached to the Complaint for purposes of clarifying Mr. Russell's claims.

[2] Plaintiff previously received treatment for throat cancer that appears to have left him susceptible to his current throat condition. Compl. at 3, ¶¶ 10-11

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'" (quoting 28 U.S.C. § 1915A)).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual

allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id*. at 556 (internal quotation marks omitted). Further, complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### III.    DISCUSSION

Section 1983 of Title 42 of the United States Code creates a private federal cause of action against any person, acting under color of state law, who deprives an individual of federally or constitutionally protected rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). In this § 1983 action, Mr. Russell claims that the Defendants violated his Eighth Amendment rights through their deliberate indifference to his need for voice therapy and other unspecified medical treatment. Compl. at 5, ¶¶ 28–29. The Court need not determine, however, whether Mr. Russell has pled cognizable violations of his Eighth Amendment rights, as the Complaint's factual allegations establish that Mr. Russell did not exhaust his administrative remedies before filing this suit.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust administrative

remedies prior to filing a federal lawsuit regarding prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This exhaustion requirement exists regardless as to whether the administrative procedures provide the type of relief that the inmate seeks. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). An inmate's failure to exhaust remedies is excusable only when such remedies were not made available to him or her. *See Ross v. Blake*, 578 U.S. 632, 642 (2016).

An inmate-plaintiff's failure to exhaust remedies is an affirmative defense to a federal claim. *See Jones v. Bock*, 549 U.S. 199, 217 (2007). Nonetheless, a "district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement." *Williams v. Priatno*, 829 F. 3d 118, 122 (2d Cir. 2016).

Here, the DOC has an administrative process in place for the resolution of inmate health service grievances. *See* DOC Administrative Directive 8.9.[3] Plaintiff conveys that he did not seek an administrative remedy through DOC's process before filing of his Complaint because it was, in his view, "inadequate to the task of handling [the] urgent complaint regarding his health." Compl. at 2, ¶ 8. But the PLRA requires inmate-litigants to exhaust administrative remedies even when an administrative grievance process is perceived as inefficient or time-consuming. *See*

---

[3] The DOC's administrative directives are public records accessible at the following website: https://portal.ct.gov/DOC/Common-Elements/Common-Elements/Directives-and-Polices-Links (last visited Jan. 9, 2023). The Court may take judicial notice of matters of public record. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information).

*Ross*, 578 U.S. at 640 (noting that the PLRA was enacted to replace legislation that required exhaustion only when administrative remedies were "plain, speedy, and effective").

Because Mr. Russell did not pursue time-consuming, but available, administrative remedies, he is barred from bringing his Eighth Amendment claims against any of the Defendants.

Accordingly, the claims against them and this Complaint will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, because Mr. Russell concedes that he did not exhaust his administrative remedies before bringing this federal action, the claims asserted against Commissioner Quiros, Warden Thibeault, and Dr. Clements in this Complaint are **DISMISSED** without prejudice.

If Mr. Russell believes that additional facts can be alleged that will overcome any of the deficiencies identified in this ruling, then he may file a proposed Amended Complaint by **February 24, 2023**. Failure to file a proposed Amended Complaint by that deadline will result in this case's dismissal with prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of January, 2023.

/s/
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE